## BARON v BARON

Ohio Appeals, 2nd Dist, Montgomery Co

No 1321.   Decided May 20, 1935

Jacobson & Durst, Dayton, for plaintiff in error.

## OPINION

By HORNBECK, J.

We have examined the record with care and are cognizant of the fact in this case, as in so many cases of like character, that there is scarcely enough money available to meet the necessities of the respective parties, and it becomes a question how best to apportion that which is available. Examination of the transcript of docket and journal entries disclose that these parties have spent considerable time in court since the institution of the original action for divorce in one matter or another. If it could be taken for granted that the original order was adequate to the demands of the defendant in error and her three children, then it would be obvious that the sum which plaintiff in error is required to pay to her should have been reduced at the time of the hearing on the motion to modify, but such conclusion does not necessarily follow. The courts are constantly confronted with the necessity of apportioning money to a mother and her children in a lesser sum than would be adequate for their barest necessities. So in this case. When the mother and her three children, the oldest of whom is sickly and unable to do much work, had but $14.43 per week for all purposes, it is evident that they had a meager income.

It is urged that the plaintiff in error has to take care of his aged father, and that two-thirds of his income is insufficient to meet his necessities. This may be true, but his first obligation is to his wife and immediate family and an apportionment of one-third to his wife and one minor chi'd would not seem to be excessive if plaintiff in error has left two-thirds for himself and his father.

This case comes to us on error and must be determined upon the rule which is controlling upon us, namely, that we cannot reverse a judgment or order of the trial court unless such order is manifestly against the weight of the evidence. This rule has peculiar application to the instant proceedings, because the judge of the Common Pleas Court, Division of Domestic Relations, has had opportunity to closely contact the parties and to know their circumstances and needs and, therefore, to properly apportion the earnings of the plaintiff in error among those who are entitled to his support.

We grant that conditions have changed materially since the original order, but cannot say that the action of the court in overruling the motion to modify the former alimony and support order was prejudicially erroneous.

The judgment will be affirmed.

BARNES, PJ, concurs.